UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PEDRO VELEZ,

        Petitioner,                        Civil Case Number 05-10098-BC
                                                    Criminal Case Number 03-20013-BC
v.                                                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.
_____/

## ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE

On April 4, 2005, petitioner Pedro Velez filed a motion under 28 U.S.C. § 2255 to vacate his sentence. Velez was charged with two counts of distributing five grams or more of cocaine base, and a jury trial on those charges began on January 13, 2004. On the third day of trial, Velez decided to plead guilty as charged, and his plea was accepted by the Court. He was sentenced to concurrent prison terms of 150 months on April 15, 2004.

At the sentencing hearing, the Court determined a Sentencing Guidelines range of 140 to 175 months based on a base offense level of 30, as required by section 2D1.1(c)(5) of the Sentencing Guidelines Manual when a defendant is accountable for 35 to 50 grams of cocaine base, reduced by two levels for acceptance of responsibility, and applying a criminal history category of six. However, the petitioner alleges twice in his motion to vacate that his sentence was enhanced by five years. It is not clear from the motion how the petitioner reaches that conclusion. Because of the petitioner's prior drug felony conviction, the government had filed a penalty enhancement information under 18 U.S.C. § 851, which raised the statutory mandatory minimum sentence from five to ten years. *See* 18 U.S.C. § 841(b)(1)(B). Perhaps the petitioner is complaining about that

increase, or the additional thirty months of his sentence beyond the mandatory minimum, but that does not amount to five years. In any event, no objections were made at the sentencing hearing and the petitioner did not file a direct appeal of his conviction or sentence.

In his present motion, the petitioner makes reference to *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), and notes that a co-defendant who pleaded guilty to a single count of the indictment received a 30-month sentence. He argues that a sentencing judge may not base a sentence on facts not admitted by the defendant or found by a jury. He asks to be resentenced.

The government argues that Velez's failure to allege his claims on direct review results in a procedural default that can be excused only by demonstrating a valid cause for not following established procedure and actual prejudice resulting from the alleged error. The Court agrees. Because the petitioner failed to appeal his conviction or sentence, his claims are procedurally barred unless he can establish both cause and prejudice. *Bousley v. United States*, 523 U.S. 614, 621-22 (1998). In this case, the petitioner has demonstrated neither.

Even if the claims were properly presented, the Court finds that they lack merit. The reference to the co-defendant's lower sentence suggests that the petitioner may be claiming that his sentence is disproportionate. Indeed, one of the mandates of Congress to sentencing judges is to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). However, Velez's co-defendant, Lasheena Scott, was not served with a penalty enhancement information and had a criminal record that qualified her for the "safety valve" provision that permitted a sentence below the statutory mandatory minimum of five years. In addition, Scott pleaded guilty and testified against Velez at

his trial, and the government moved for a downward departure for substantial assistance. *See* U.S.S.G. § 5K1.1. There is no unwarranted disparity in these sentences; both were individualized in accordance with the applicable statutes and Sentencing Guidelines provisions.

Nor is relief from the sentence warranted on the basis of *Blakely* or *Booker*. The Supreme Court has not given retroactive effect to its pronouncements in *United v. Booker*, "which now governs [the petitioner's] *Blakely* claim." *Humphress v. United States*, 398 F.3d 855, 857 (6th Cir. 2005). In fact, the Sixth Circuit has held that "*Booker*'s rule does not apply retroactively in collateral proceedings." *Humphress,* 398 F.3d at 860. Because the issue raised by the petitioner in his motion is governed entirely by *Humphress v. United States*, the Court determines that the petitioner may not claim the benefit of *Blakely* or *Booker's* pronouncements, and therefore it plainly appears that he is not entitled to relief.

Accordingly, it is **ORDERED** that petitioner's motion to vacate, set aside, or correct his sentence [dkt # 69] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: April 6, 2006

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 6, 2006.

s/Tracy A. Jacobs
TRACY A. JACOBS